## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KYLE P. BLANKENSHIP, | |
| Plaintiff, | CIVIL ACTION NO. 3:11-CV-870 |
| v. | (JUDGE CAPUTO) |
| JAMES P. RIVEST and ALLIANCE HEALTHCARE SERVICES, INC., | |
| Defendants. | |

## **MEMORANDUM**

Presently before the Court is the plaintiff's complaint, which insufficiently alleges the plaintiff's and defendants' diversity of citizenship. (Doc. 1.) Because the Court lacks subject matter jurisdiction, the action will be dismissed.

### Background

Kyle Blankenship filed an action against the defendants, invoking this Court's jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332.

The complaint describes Blankenship as "resid[ing]" in Pennsylvania. Defendant James Rivest is also described as "resid[ing]" in Pennsylvania. Alliance Healthcare Services, Inc., is described as a "corporation incorporated under the laws of Delaware and doing business [in California]."

### Analysis

"It is an elementary principle that federal courts are courts of limited jurisdiction, empowered to hear cases only as provided for under Article III of the Constitution and

congressional enactments pursuant thereto." *Employers Ins. of Wausau v. Crown Cork & Seal Co., Inc.*, 905 F.2d 42, 45 (3d Cir. 1990) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)). Federal courts have an obligation to address concerns over subject matter jurisdiction *sua sponte*. *Id.*

Under the diversity jurisdiction statute, 28 U.S.C. § 1332, "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States . . . ." When diversity of citizenship provides the grounds for federal jurisdiction, "the pleadings should affirmatively disclose that such diversity exists." *Osthaus v. Button*, 70 F.2d 392, 392 (3d Cir. 1934). Complete diversity must exist between the adverse parties in the action; that is, the citizenship of each plaintiff must be diverse from that of each defendant. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365 (1978), 373–74 (1978). The burden of proving jurisdiction is on the party invoking it.

For purposes of diversity jurisdiction, a natural person is deemed to be a citizen of the state where he is domiciled. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179 182 (3d Cir. 2008) (citing *Gilbert v. David*, 235 U.S. 561, 569 (1915)). To be domiciled in a state, a person must reside there and intend to remain indefinitely. *Krasnov v. Dinan*, 465 F.2d 1298, 1300–01 (3d Cir. 1972). A person may have only one domicile, and thus may be a citizen of only one state for diversity jurisdiction purposes. *See Williamson v. Osenton*, 232 U.S. 619 (1914). In contrast, corporations may have more than one state of citizenship: "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

Properly alleging diversity jurisdiction does not require extended allegations. Form 7 in the Appendix of Forms of the Federal Rules of Civil Procedure provides examples of properly invoking diversity-of-citizenship jurisdiction. This form instructs that one may simply state, for example, that "the plaintiff is a citizen of Michigan," and that "[t]he defendant is a corporation incorporated under the laws of New York with its principal place of business in New York."

Here, the complaint fails to properly plead the existence of subject matter jurisdiction. Blankenship fails to properly allege the citizenship of a single party.[1] Alleging where he and Rivest each "reside" does not properly allege the states of their citizenship. However, Rivest's and Blankenship's common Pennsylvania residence is dispositive of this Court's jurisdiction. Because they both reside in Pennsylvania, there cannot be citizens of any state other than Pennsylvania. Thus, there can be no diversity of citizenship and thus no diversity jurisdiction over the action. Amendment of the complaint would be futile.

## Conclusion

For the reasons explained above, this action will be dismissed due to lack of subject matter jurisdiction. An appropriate order follows.

July 7, 2011                                    /s/ A. Richard Caputo
Date                                            A. Richard Caputo
                                                United States District Judge

---

[1] The citizenship of Alliance is also not correctly alleged because the allegations must state where it has *its* principal place of business, not simply a state in which it is "doing business."

3

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KYLE P. BLANKENSHIP, | |
| Plaintiff, | NO. 3:11-CV-870 |
| v. | |
| JAMES P. RIVEST and ALLIANCE HEALTHCARE SERVICES, INC., | (JUDGE CAPUTO) |
| Defendants. | |

## **ORDER**

**NOW**, this 7th day of July, 2011, **IT IS HEREBY ORDERED** that the plaintiff's complaint (Doc. 1) is **DISMISSED** for lack of subject matter jurisdiction. The clerk of court is directed to mark this matter **CLOSED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge